# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHRIS KNOCH, and<br>LYNN KNOCH,<br><br>　　　　Plaintiffs,<br><br>　　　　v.<br><br>J.B. HUNT TRANSPORT, INC., and<br>MICHAEL GUNTER,<br><br>　　　　Defendants. | No. 3:08-cv-0846<br><br>(JUDGE CAPUTO)<br><br>(MAGISTRATE JUDGE BLEWITT) |

## **MEMORANDUM**

Presently before the Court are the Report and Recommendation ("R&R") of U.S. Magistrate Judge Blewit (Doc. 63), and the Defendants' Objections to the R&R (Doc. 64). The Magistrate Judge recommends that the Defendants' Motion for Summary Judgment (Doc. 38) be denied. The R&R will be adopted, and the motion for summary judgment will be denied.

## **BACKGROUND**

The parties do not dispute that a motor vehicle accident occurred on June 28, 2006, when Plaintiff Christopher Knoch's ("Knoch") tractor trailer struck the tractor trailer of Defendant Michael Gunter ("Gunter") from behind. (Police Report, Doc. 38, Ex. B.) At the time of the accident, Gunter was an employee of Defendant J.B. Hunt Transport, Inc. (Answer ¶ 5.) The accident occurred in the right most of the three northbound lanes of Interstate 81, near mile marker 152.4. (State Trooper Mrochko Dep. 14:1-8, May 4, 2009.)

1

A mile and a half before the scene of the accident, there is an on ramp where Interstate 80 merges into Interstate 81. (*Id.* 14: 17-22.) Gunter had merged from Interstate 80 onto Interstate 81 one to three minutes before the accident. (Gunter Dep. 61:15-24.) At the location of the accident, however, the ramp had ended leaving only three travel lanes. (Mrochko Dep. 14:23-15:6.) The roadway is straight and travels uphill at the location of the accident. (*Id.* 15:11-12, 16-17.) The speed limit in that area was sixty-five (65) miles per hour. (*Id.* 15:7-8.)

The Defendants assert that the negligence of Knoch caused the action. The investigating officers, State Trooper Mrochko, found that Knoch was the driver responsible for the accident. (Mrochko Dep. 25:20-26:2.) Knoch was cited for driving at an unsafe speed. (*Id.* 21:12-18.) Knoch took Prozac and Adderall on the date of the accident. (Knoch Dep. 35:10-14, 35:22-36:1.) Knoch woke somewhere between 3:30 and 4:30 in the morning. (*Id.* 38:19-22.) The accident occurred at approximately 5:00pm. (Police Report, Doc. 38, Ex. B.) Knoch later told his boss, James O'Malley, that he was at fault for the accident. (James O'Malley Dep. 39:3-4.) Knoch also told O'Malley that he had been on the cell phone at the time of the accident. (*Id.* 39:5-7.)

Knoch failed to submit a statement of facts pursuant to Local Rule 56.1, permitting this Court to adopt the Defendants' statement of facts. *U.S. ex rel. Paranich v. Sorgnard*, 286 F. Supp.2d 445, 447 n.3 (M.D. Pa. 2003). Knoch's version of events, however, is relayed through the portions of his deposition attached by the Defendants. (Doc. 38, Ex. D.) Knoch first saw the Defendants' truck as he got close to it, perhaps from fifty (50) to seventy-five (75) yards away. (Knoch Dep. 50:9-12.) After seeing Gunter's truck moving on the side

of the road or on-ramp, Knoch looked back to see if it would be possible to move from the right lane into the middle lane to allow Gunter's truck to enter the roadway. (*Id.* 50:13-17; 54:4-8.) Knoch testified that "by the time I looked back, [Gunter's truck] was already in front of me and I tried to swerve." (*Id.* 50:19-21.) Knoch also testified that Gunter's truck was completely in his lane by the time he looked back. (*Id.* 57:16-20.) Gunter's truck slowed at the time of the accident due to traffic in front of him. (Gunter Dep. 60:7-61:6.) Knoch also alleges that Gunter failed to have his hazard lights on as he should have when traveling at a slower speed.[1]

The Defendants filed a motion for summary judgment on June 30, 2009. (Doc. 38.) In his R&R, Magistrate Judge Blewitt recommended that the Defendants motion for summary judgment be denied. (Doc. 63.) The Defendants objected to entirety of the R&R on October 26, 2009. (Doc. 64.) The motion for summary judgment has been fully briefed, and is now ripe for disposition.

## LEGAL STANDARD

### I. Review of Report and Recommendation

Where objections to a magistrate judge's report are filed, the Court must conduct a *de novo* review of the contested portions of the report, 28 U.S.C. § 636(b)(1)(C), *Sample v. Diecks*, 885 F.2d 1099, 1106 n.3 (3d Cir. 1989), provided the objections are both timely and specific, *Goney v. Clark*, 749 F.2d 5, 6-7 (3d Cir. 1984). In its *de novo* review, the Court may

---

[1] Knoch may have made such a statement in his deposition testimony, but Knoch has not attached the entire transcript to his statement of facts. Such a statement is not made in the portions of the deposition attached by the Defendants, and therefore, there is no factual basis for the allegation on the record.

3

accept, reject, or modify, in whole or in part, the factual findings or legal conclusions of the magistrate judge. 28 U.S.C. § 636(b)(1)(C); *Owens v. Beard*, 829 F. Supp. 736, 738 (M.D. Pa. 1993) (McClure, J.). Although the review is *de novo*, the statute permits the Court to rely on the recommendations of the Magistrate Judge to the extent it deems proper. *See United States v. Raddatz*, 447 U.S. 667, 675-76, 100 S. Ct. 2406, 65 L. Ed. 2d 424 (1980) ("Congress intended to permit whatever reliance a district judge, in the exercise of sound judicial discretion, chose to place on a magistrate's proposed findings and recommendations"); *Goney*, 749 F.2d at 6-7; *Ball v. U.S. Parole Comm'n*, 849 F. Supp. 328, 330 (M.D. Pa. 1994) (Kosik, J.). Uncontested portions of the report may be reviewed at a standard determined by the district court. *See Thomas v. Arn*, 474 U.S. 140, 154, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985) (the statute neither prevents nor requires a particular standard if no objections are filed); *Goney*, 749 F.2d at 7. At the very least, the Court should review uncontested portions for clear error. *See, e.g., Cruz v. Chater*, 990 F. Supp. 375, 376-77 (M.D. Pa. 1998) (Vanaskie, J.) (citing Advisory Committee notes on Federal Rule of Civil Procedure 72(b), implementing 28 U.S.C. § 636(b)(1)(C)).

**II. Motion for Summary Judgment**

Summary judgment is appropriate if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). A fact is material if proof of its existence or nonexistence might affect the outcome of the suit under the applicable substantive law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

4

Where there is no material fact in dispute, the moving party need only establish that it is entitled to judgment as a matter of law. Where, however, there is a disputed issue of material fact, summary judgment is appropriate only if the factual dispute is not a genuine one. *Id.* An issue of material fact is genuine if "a reasonable jury could return a verdict for the nonmoving party." *Id*. Where there is a material fact in dispute, the moving party has the initial burden of proving that: (1) there is no genuine issue of material fact; and (2) the moving party is entitled to judgment as a matter of law. *See* Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure: Civil 2D § 2727 (2d ed. 1983). The moving party may present its own evidence or, where the nonmoving party has the burden of proof, simply point out to the Court that "the nonmoving party has failed to make a sufficient showing of an essential element of her case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

All doubts as to the existence of a genuine issue of material fact must be resolved against the moving party, and the entire record must be examined in the light most favorable to the nonmoving party. *White v. Westinghouse Elec. Co.*, 862 F.2d 56, 59 (3d Cir. 1988). Once the moving party has satisfied its initial burden, the burden shifts to the non-moving party to either present affirmative evidence supporting its version of the material facts or to refute the moving party's contention that the facts entitle it to judgment as a matter of law. *Anderson*, 477 U.S. at 256-57. The Court need not accept mere conclusory allegations, whether they are made in the complaint or a sworn statement. *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888 (1990). In deciding a motion for summary judgment, "the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine

5

whether there is a genuine issue for trial." *Anderson*, 477 U.S. at 249.

## DISCUSSION

Knoch has one remaining cause of action. At Count I Knoch alleges that Gunter was negligent for not using the proper standard of care in operating his tractor trailer, which caused their accident. The Defendants argue that there are no genuine issues of material fact, and that as a matter of law summary judgment is appropriate in their favor. They object to the Magistrate Judge's findings that summary judgment is not appropriate because there are genuine issues of material fact. They also argue that even if there is some evidence that Defendant Gunter was negligent, Knoch's own negligence was clearly greater than 50% making recovery impossible under Pennsylvania law. *See* 42 Pa. C.S. § 7102. While Defendants arguments as to Pennsylvania law are accurate, there is a genuine factual dispute in this case, making summary judgment inappropriate.

Based upon this record before this Court, there is no genuine factual issue with respect to Gunter's hazard lights. Beyond the assertions of Knoch's counsel, there is no affirmative evidence on the record that Gunter's hazard lights were not on. Knoch, as the plaintiff, has the burden of proof to demonstrate that Gunter was negligent by not having his hazard lights on while at low speed. Knoch argues that Gunter's hazard lights were not on because neither State Trooper Mrochko nor Gunter testified as such. (Doc. 47 at 1-2.) Knoch asks this Court to determine that these witnesses never stated something without providing the full transcripts of the relevant depositions, making such a determination impossible. Regardless, the simple fact that neither testified that the lights were on would not prove the inverse, that the lights were off. There is presently no evidence in support of

6

Knoch's allegations with respect to the hazard lights.

Knoch's case for negligence, however, is not based solely on the issue of the hazard lights. Knoch testified in his deposition that Gunter's vehicle was on the side of the road and that Gunter pulled out in front of him. (Knoch Dep. 50:19-21.) A reasonable jury considering his testimony could find that Gunter was negligent for this conduct. Furthermore, a reasonable jury could find that Gunter's negligence was 50% or more the cause of the accident. The Defendants present evidence that Gunter never stopped his vehicle (Gunter Dep. 62:25-63:4), provide plausible alternate theories based upon Knoch's negligence (Mrochko Dep. 21:12-16.), and provide evidence challenging Knoch's credibility (*Id.* at 14:17-22). It is not, however, appropriate for this Court to make a factual determination or weigh the credibility of the evidence provided by the parties; I must only consider whether a genuine, material factual dispute exists. Resolving the question of the existence of a genuine dispute in favor of the non-moving party, I find there is a genuine dispute over the material fact of which driver's negligence caused the accident. *White*, 862 F.2d at 59 (resolving in favor of the non-moving party). Therefore, summary judgment is inappropriate.

## CONCLUSION

Because the testimony of Knoch is sufficient to create genuine issues of material fact, the recommendation of the Magistrate Judge (Doc. 66) will be adopted. The Defendants' Motion for Summary Judgment (Doc. 38) will be denied.

| | |
|---|---|
| November 18, 2009 | /s/ A. Richard Caputo |
| Date | A. Richard Caputo |
| | United States District Judge |

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| CHRIS KNOCH, and<br>LYNN KNOCH,<br><br>    Plaintiffs,<br><br>          v.<br><br>J.B. HUNT TRANSPORT, INC., and<br>MICHAEL GUNTER,<br><br>    Defendants. | No. 3:08-cv-0846<br><br>(JUDGE CAPUTO)<br><br>(MAGISTRATE JUDGE BLEWITT) |

## **ORDER**

    **NOW** this  18th  day of November, 2009, upon review of Magistrate Judge Blewitt's Report and Recommendation (Doc. 63), **IT IS HEREBY ORDERED** that:

    (1)    The Report and Recommendation (Doc. 63) is **ADOPTED.**

    (2)    Defendant's Motion for Summary Judgment (Doc. 38) is **DENIED**.


                                                                            /s/ A. Richard Caputo
                                                                            A. Richard Caputo
                                                                            United States District Judge